[No. 30977. Department One. November 23, 1949.]

*In the Matter of the Estate of* SUSANNAH E. MARSHALL, *Deceased.*

MYRTH S. WRIGHT, *as Executrix, Appellant,* v. THE STATE OF WASHINGTON, *Respondent.*[1]

*Dorsey, Ruff & Morton,* for appellant.

*The Attorney General* and *Philip W. Richardson, Assistant,* for respondent.

[1]Reported in 211 P. (2d) 721.

SIMPSON, C. J.—The record of the Kitsap county clerk's office included in the transcript filed in this court shows:

March 4, 1946, the superior court of Kitsap county admitted to probate the last will and testament of Susannah E. Marshall, deceased. In that will, dated January 26, 1944, the testatrix made the usual provisions for the settlement of her estate, and then provided:

"THIRD, I give and bequeath unto That my Executrix do and will follow*n* the instructions that I shall give her in writing and verbal, I having faith in her judgment and honesty. That by said Executrix shall have controll of all my personal and real Estate property where ever it may be and shall carry out my wishes as stated to her."

March 28, 1947, the executrix named in the will filed her final report and petition for distribution. In the report, she asked that the residue of the estate, remaining after the payment of debts and necessary expenses of administration, be distributed to various individuals named in a letter written by Susannah E. Marshall on June 4, 1945.

July 17, 1947, the state of Washington objected to the distribution on the ground that the executrix was attempting to have the estate distributed to persons not mentioned in the will. A hearing was had on the report, at which hearing objections were interposed by the state to the report, with the result that, the court approved the report in so far as it related to the allowance of claims and the expenses of administration. The judgment rejected the request for payment to the individuals mentioned, and provided that the residue of the estate escheat to the state of Washington. The executrix then prosecuted this appeal.

█ It is appellant's position that the state, by its objections to the final report, attempted to contest the will, and was precluded from so doing because of the fact that the objections were not filed prior to the expiration of six months after the probate of the will.

We cannot agree with appellant. The state admitted the validity of the will and only challenged the effort of the executrix to distribute the proceeds of the estate to persons not mentioned in the will itself.

■ Appellant contended, also, that the letter, dated June 4, 1945, should be considered as a part of the will. We are unable to give any consideration whatever to this argument for the reason that a statement of facts was not filed in accordance with the provisions of Rule of Supreme Court 9, 18 Wn. (2d) 9-a. The letter written by Mrs. Marshall to Mrs. Wright was not attached to, or made a part of, the will itself, nor was it mentioned in the order admitting the will to probate. It may be that the letter was presented to the trial court. If it was, it would have been no more or less than an exhibit. Exhibits must come to us as a part of the statement of facts. That was not done in this case.

We affirm the judgment of the trial court.

BEALS, SCHWELLENBACH, GRADY, and DONWORTH, JJ., concur.